# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK W. DOBRONSKI,
an individual

                                                   Case No.

        Plaintiff,

vs.

TOTAL INSURANCE BROKERS, LLC,
a Florida limited liability company, and
GAVIN DOMINIC SOUTHWELL,
an individual,

           Defendants.

---

(vertical text in left margin): DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

| | |
|---|---|
| Mark W. Dobronski | Andrew J. Kolozsvary (P68885) |
| *Pro se Plaintiff* | Theresa A. Munaco (P81562) |
| Post Office Box 85547 | **DYKEMA GOSSETT PLLC** |
| Westland, MI 48185-0547 | *Attorneys for Defendants* |
| (734) 641-2300 | 400 Renaissance Center, 37th Floor |
| markdobronski@yahoo.com | Detroit, MI  48243 |
| | (313) 568-6800; 855-256-1483 (FAX) |
| | akolozsvary@dykema.com |
| | tmunaco@dykema.com |

---

## <u>NOTICE OF REMOVAL</u>

Defendants Total Insurance Brokers, LLC ("TIB") and Gavin Dominic Southwell ("Southwell") (together, "Defendants"), through their attorneys, Dykema Gossett PLLC, hereby submit this Notice of Removal.  In support of this Notice of Removal, Defendants state as follows:

1.      On or about December 1, 2020, Plaintiff commenced this action against Defendants in the 18th District Court, Case No. 20-87419-GC (the "Action"). The District Court issued a Summons on December 16, 2020.

2.      Plaintiff served a copy of the Summons and Complaint upon TIB's registered agent on December 18, 2020.

3.      The Summons and Complaint constitute all pleadings received by Defendants in this Action and are attached as **Exhibit A**.

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendants file this Notice of Removal, which sets forth the claims for relief upon which this removal is based, within thirty (30) days of receipt of a copy of the Complaint.

5.      The 18th District Court is located in Westland, Michigan, in the Eastern District of Michigan, Southern Division.

6.      This Action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.  All Defendants consent in this removal.

7.      The Plaintiff's Complaint asserts four causes of action: (1) violation of Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and/or 47 C.F.R. § 64.1200(a)(1)(iii); (2) violation of TCPA, 47 C.F.R. § 64.1601(e)(1); (3) violation of TCPA, 47 U.S.C. § 227(c)(5) and 47

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

2

C.F.R. § 64.1200(c)(2); and (4) violation of the Michigan Home Solicitation Sales Act ("MHSS").

8.  This case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint purports to assert federal causes of action against Defendants arising out of the laws of the United States, here, the TCPA. *See* Exhibit 1, Compl. ¶¶ 61-69. Thus, this case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9.  This Court has supplemental jurisdiction over Plaintiff's MHSS claim under 28 U.S.C. § 1367 because it is so related to Plaintiff's claims under the TCPA that it forms part of the same case or controversy under Article III of the United States Constitution. Indeed, all of Plaintiff's claims arise from the same alleged conduct.

10. As a result, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint is founded on claims or rights arising under the laws of the United States, and removal is appropriate under 28 U.S.C. § 1441.

11. By filing this Notice of Removal, Defendants do not waive any defenses that they may have to Plaintiff's claims.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

12.     A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be promptly filed with the 18th District Court as required by 28 U.S.C. § 1446(d), and copies of the same have been served upon Plaintiff as verified by the attached proof of service.

13.     Based upon the foregoing, Defendants are entitled to remove this Action to this Court under 28. U.S.C. § 1441, *et seq.*

WHEREFORE, Defendants give notice that this Action is removed to this Court.

<div style="margin-left:40%">

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Theresa A. Munaco*
     Andrew J. Kolozsvary (P68885)
     Theresa A. Munaco (P81562)
     *Attorneys for Defendants*
     400 Renaissance Center, 37th Floor
     Detroit, MI 48243
     (313) 568-6800; 855-256-1483 (FAX)
     akolozsvary@dykema.com
     tmunaco@dykema.com

</div>

Dated:  January 8, 2021

## <u>CERTIFICATE OF SERVICE</u>

Theresa A. Munaco deposes and states that on January 8, 2021, my assistant electronically filed the foregoing with the Clerk of the Court using the electronic filing system, and mailed by First Class U.S. Mail, with postage fully prepaid, the same to Plaintiff at:

> Mark W. Dobronski
> Post Office Box 85547
> Westland, MI 48185-0547

The same was emailed to Plaintiff at markdobronski@yahoo.com.

DYKEMA GOSSETT PLLC

By: */s/ Theresa A. Munaco*
Theresa A. Munaco (P81562)
*Attorneys for Defendants*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-6800; (FAX) 855-256-1483
tmunaco@dykema.com

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, MI 48243

# EXHIBIT A

Approved, SCAO

|  | | 1st copy - Defendant | | | Original - Court | 3rd copy - Return |
|--|--|--|--|--|--|--|

| STATE OF MICHIGAN<br>18th    **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | CASE NO.<br>20.87419   -GC |
|--|--|--|

| Court address<br>36675 FORD ROAD    WESTLAND, MICHIGAN 48185-2210 | Court telephone no.<br>(734) 595-8720 |
|--|--|

| Plaintiff's name(s), address(es), and telephone no(s).<br>MARK W. DOBRONSKI    TEL: (734) 641-2300<br>PO BOX 85547<br>WESTLAND, MI 48185-0547 | v | Defendant's name(s), address(es), and telephone no(s).<br>TOTAL INSURANCE BROKERS, LLC<br>601 ABBOT RD<br>EAST LANSING, MI 48823-336<br><br>-and-<br><br>GAVIN DOMINIC SOUTHWELL<br>1207 PARRILLA DE AVILA<br>TAMPA, FL 33613-1082 |
|--|--|--|
| Plaintiff's attorney, bar no., address, and telephone no.<br>PRO SER | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>12/16/2020 | Expiration date*<br>3/17/2021 | Court clerk<br>Krysta L. Bartek |
|--|--|--|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                 MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE DISTRICT COURT FOR THE 18ND JUDICIAL DISTRICT

**MARK W. DOBRONSKI,**
an individual,

Case No.    20.87419    -GC

           Plaintiff,

v.

**TOTAL INSURANCE BROKERS, LLC,**
a Florida limited liability company;
      -and-
**GAVIN DOMINIC SOUTHWELL,**
an individual;

           Defendants.

_____

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email:  markdobronski@yahoo.com
Plaintiff *In Propria Persona*

_____

## COMPLAINT

     NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and

for his complaint against Defendants alleges:

     1.  This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47

U.S.C. § 227, *et seq.* and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. 445.101,

*et seq.*

### Parties, Jurisdiction, and Venue

     2.  Plaintiff is an individual, of the age of majority, a citizen of the United States of America,

is a resident of Lima Township, Washtenaw County, Michigan, and has a place of business in the

City of Westland, Wayne County, Michigan.

    3.   Upon information and belief, Defendant TOTAL INSURANCE BROKERS, LLC ("TIB"), is a limited liability company organized and existing under the laws of the State of Florida, which is authorized to transact business in the State of Michigan, with a registered office located at 601 Abbot Road, East Lansing, Michigan 48823-3366.

    4.   Upon information and belief, Defendant GAVIN DOMINIC SOUTHWELL ("SOUTHWELL") is an individual, of the age of majority, is mentally competent, is not in the military service, resides at 1207 Parrilla de Avila, Tampa, Florida 33613-1082, is the Chief Executive Officer of Defendant TIB, and directly and knowingly participated in,and approved and directed the illegal telemarketing described herein.

    5.   This Court has jurisdiction over the subject matter of this complaint and venue is proper in this Court, pursuant to 47 U.S.C. § 227(c)(5) and M.C.L. § 600.1629(1)(b)(i), as the tortious or illegal conduct complained of occurred in this judicial district.

### General Allegations

    6.  In response to widespread public outrage over intrusive telemarketing calls to homes and businesses, the United States Congress acted to prevent entities, like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls" by enacting the TCPA.

    7.  According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls."

    8.  Congress explicitly found that robo-calling is an invasion of privacy.

    9.  In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary

2

sponsor of the bill, explained, "computerized calls are the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized telephone calls threaten our personal safety... These machines are out of control, and their use is growing by 30 percent every year.  It is telephone terrorism, and it has got to stop...."  <u>See</u> *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 17 FCC Rcd. 17459 at note 90 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

10.  According to YouMail, Inc., a company which tracks robocall activity and publishes the YouMail Robocall Index, during calendar year 2019 there were 58.5 billion robocalls initiated acrss the United States -- that works out to 160.4 million robocalls each day; 6.7 million robocalls each hour; 111,370 robocalls per minutes; 1,856 robocalls per second; or 176.8 robocalls per man, woman and child in the United States. [Source: www.robocallindex.com].

11.  Congress found that telemarketing fraud has become a problem of such magnitude that the resources of the Government alone are not sufficient to ensure adequate consumer protection from such fraud; consumers and others are estimated to lose in excess of $40 billion a year in telemarketing fraud; and consumers are victimized by other forms of telemarketing deception and abuse.

12.  In enacting the TCPA, Congress intentionally created a legally enforceable bounty system, not unlike *qui tam* statutes, to incentivize the assistance of aggrieved private citizens to act as "private attorneys general" in enforcing federal law.

13.  The TCPA, at 47 U.S.C. § 227(b)(1), promulgates in relevant part as follows:

> "Restrictions on use of automated telephone equipment

3

(1) Prohibitions It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – . . .

(iii) to any telephone number assigned to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States. . . ." [Emphasis added.]

14. Pursuant to authority delegated to it under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement and carry out the TCPA.

15. The TCPA regulations, at 47 C.F.R. § 64.1200, promulgate in relevant part:

"(a) No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; . . .

(iii) To any telephone number assigned to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. . .

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the

4

HIPAA Privacy Rule, 45 CFR 160.103.

(3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call;

(i) Is made for emergency purposes;

(ii) Is not made for a commercial purpose;

(iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;

(iv) Is made by or on behalf of a tax-exempt nonprofit organization; or

(v) Delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103." [Emphasis added.]

16. The TCPA regulations at, 47 C.F.R. § 64.1601, promulgate in relevant part:

"(e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) **must** transmit caller identification information.

(1) For purposes of this paragraph, **caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer**. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. **The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.**

(2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.": [Emphasis added.]

17. The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

"PRIVATE RIGHT OF ACTION. **A person or entity** may, if otherwise permitted by the laws or rules of court of a State, bring in

5

an appropriate court of that State –

(A) an action based on a violation of this **subsection or the regulations prescribed under this subsection** to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages **for each such violation**, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [Emphasis added.]

18.  Pursuant to Congressional mandate set forth at 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database, which regulations are set forth at 47 C.F.R. § 64.1200(c), and promulgate in relevant part:

"No person or entity shall initiate any telephone solicitation to:...

"(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government...."

19.  The "do not call" proscriptions also are applicable to cellular or wireless telephone numbers, as set forth at 47 C.F.R. § 64.1200(e), which states:

"The rules set forth in paragraph (c) and (d) in this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

20.  The FCC has held that telephone subscribers who have listed their wireless telephone number on the national do-not-call list are deemed to be "residential subscribers". See *In the Matter*

6

*of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC

Rcd. 14014 at para. 36 (2003).

21.  Additionally, the TCPA, at 47 U.S.C. § 227(c)(5), as it relates to telephone numbers

appearing of the do-not-call list, provides for a private right of action, as follows:

> "Private right of action.  A person who has received more than one
> telephone call within any 12-month period by or on behalf of the
> same entity in **violation of the regulations prescribed under this
> subsection** may, if otherwise permitted by the laws or rules of court
> of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under
> this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a
> violation, or to receive up to $500 in damages **for each such
> violation**, whichever is greater, or
>
> (C)  both such actions.
>
> It shall be an affirmative defense in any action brought under this
> paragraph that the defendant has established and implemented, with
> due care, reasonable practices and procedures to effectively prevent
> telephone solicitations in violation of the regulations prescribed under
> this subsection. If the court finds that the defendant willfully or
> knowingly violated the regulations prescribed under this subsection,
> the court may, in its discretion, increase the amount of the award to
> an amount equal to not more than 3 times the amount available under
> subparagraph (B) of this paragraph."

22.  The MHSSA, at M.C.L. § 445.111a(5), promulgates:

> ". . . A telephone solicitor shall not make a telephone solicitation to
> a residential telephone subscriber whose name and residential
> telephone number is on the then-current version of the federal [do-
> not-call] list."

23.  The MHSSA, at M.C.L. § 445.111b, promulgates in relevant part:

> "(1) At the beginning of a telephone solicitation, a person making a
> telephone solicitation to a residential telephone subscriber shall state

7

his or her name and the full name of the organization or other person on whose behalf the call was initiated and provide a telephone number of the organization or other person on request. A natural person must be available to answer the telephone number at any time when telephone solicitations are being made..."

24. The MHSSA, at M.C.L. § 445.111c, promulgates in relevant part as follows:

" (1) It is an unfair or deceptive act or practice and a violation of this act for a telephone solicitor to do any of the following:...

(f) Fail to comply with the requirements of section 1a or 1b.

(2) ... [A] person who knowingly or intentionally violates this section is guilty of a misdemeanor punishable by imprisonment for not more than 6 months or a fine of not more than $500.00, or both.

(3) A person who suffers loss as a result of violation of this section may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorney fees."

25. Plaintiff's cellular telephone number (734-XXX-9671) is listed on the National Do Not Call Registry maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least December 9, 2004 and at all times relevant hereto.

26. By listing his cellular telephone number on the National Do Not Call Registry, Plaintiff has given constructive notice to the world, including the Defendants, that Plaintiff does not wish to receive telephone solicitations or robocalls at his cellular telephone numbers.

27. The FCC has issued a declaratory ruling defining "called party" as "the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, 2015 WL 4387780, at *26 ¶ 73 (FCC July 10, 2015) [Emphasis added].

8

28. At no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendants.

29. At no time has Plaintiff provided permission to the Defendants to engage in telephone solicitation with the Plaintiff via telephone.

30. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

31. Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

32. The FCC has clarified that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services, declaring as follows:

> "[A] company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling, 20 FCC Rcd 13664, 13667, ¶ 7 (2005).

33. When considering individual corporate officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason,* No. 10-10010, 2013 U.S. Dist. LEXIS 155985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participating in or personally

authorized the conduct found to have violated the statute.") (internal citation omitted); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D.MD. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

34. It is well settled under Michigan law that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.

35. Here, upon information and belief, Defendant SOUTHWELL personally directed, participated in, and authorized the automated telemarketing contact.

36. Defendant SOUTHWELL has personal control of the telephone solicitation activity of co-defendant Clear, including the ability to cease the telephone solicitation activity.

37. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

38. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendants' calls.

39. For each and every call alleged herein initiated to Plaintiff's telephone line, Defendants caused an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted

calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

40. Each and every call placed without consent by Defendants alleged herein to Plaintiff's telephone line resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone line and its telephone services.

41. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

42. Plaintiff's telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, Google listings, automobile warranties, health insurance, life insurance, credit cards, and even financial miracles from God.

### Allegations Specific to this Complaint

43. Defendant TIB is engaged in the business of marketing insurance products.

44. Upon information and belief, as part of its marketing program, Defendant TIB engages the services of third-party telemarketers, usually located in the Asian continent in order to take advantage of the very low wages paid in those nations, to engage in soliciting consumers and developing potential sales leads for Defendant TIB.

45. Upon the third-party telemarketer prequalifying a prospect, the call is then "warm transferred" to a licensed insurance agent employed by or acting on behalf of Defendant TIB.

46. Over the past six months, Plaintiff has received no less than 100 telephone calls from third-party telemarketers, most likely Asian nationals, speaking poor English, identifying themselves

11

as being with "Medicare Help Center," "Medicare Health Center," "Medicare Benefits," "Senior Benefits," "Health Market," or other similar sounding generic names, attempting to prequalify Plaintiff for Medicare supplemental insurance.

47. Defendants TIB and SOUTHWELL know the identity of the third-party telemarketers.

48. Defendants TIB and SOUTHWELL and/or its third-party telemarketers know the dates and times of the telemarketing calls initiated by Defendant TIB's third-party telemarketers to Plaintiff's cellular telephone number, and Plaintiff reserves the right to amend its Complaint to include such additional calls identified during the course of discovery.

## Call Number 1

49. On November 24, 2020 at approximately 10:13 A.M., Defendants or Defendants' third-party telemarketer initiated or caused to be initiated a call to Plaintiff's cellular telephone.

50. The caller identification number displayed was 409-434-5836 and no caller identification name was provided.

51. Upon answering the incoming telephone call, Plaintiff observed that there were several seconds of silence after Plaintiff said "hello" before a telemarketer identified himself as "Paul on behalf of Health Markets." The delay is indicative of an automatic telephone dialing system being utilized.

52. "Paul" then attempted to pre-qualify Plaintiff, asking whether Plaintiff had Medicare Plan A or Plan B converage, pre-existing health issues; zip code; age; name; and date of birth.

53. In an effort to better identify the caller, Plaintiff supplied "Paul" with controlled identifying information, including a bogus name of "Otis Daniels", an investigative technique termed a "canary trap."

12

54. "Paul" stated that a licensed agent would be calling back and the call terminated.

55. Upon the termination of the telephone call, Plaintiff immediately called back telephone number 409-434-5836, which repeatedly rang and was not answered.

### Call Number 2

56. On November 25, 2020, at approximately 2:13 P.M., Defendants or Defendants' third-party telemarketer initiated or caused to be initiated a call to Plaintiff's cellular telephone.

57. The caller identification number displayed was 800-920-0631 and no caller identification name was provided.

58. Upon answering the incoming telephone call, Plaintiff observed that there were several seconds of silence after Plaintiff said "hello" before a telemarketer came on the line and asked to speak with "Otis Daniels" and then identified herself as "Tamara with Health Market Partnership." The delay is indicative of an automatic telephone dialing system being utilized. "Tamara" then stated that she was transfering the call to a licensed agent.

59. A male telemarketer who identified himself as "Nate Johnson... with TIB Insurance" then came on the line and began discussing Medicare insurance products. Johnson stated that he was a licensed insurance agent in the State of Ohio.

60. After the call terminated, Plaintiff called back telephone number 800-920-0631 and received a busy signal. Repeated subsequent attempts over several days to call telephone number 800-920-0631 all received busy signals.

## COUNT I
## VIOLATION OF THE TCPA - ROBOCALL

61. Plaintiff incorporates the allegations of paragraphs 1 through 60, *supra*.

62. The telephone calls alleged and identified as Call Number 1 and Call Number 2, *supra*,

13

were each in violation of the TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii) and/or 47 C.F.R. §

64.1200(a)(1)(iii), as Defendants or Defendants' third-party telemarketer initiated a telephone call

using an automatic telephone dialing system to a telephone number assigned to a cellular telephone

service without the prior express written consent of the called party and there being no emergency

purpose.

63. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT III
## VIOLATION OF THE TCPA - BAD CALLER ID

64. Plaintiff incorporates the allegations of paragraphs 1 through 63, *supra.*

65. The telephone calls alleged and identified as Call Number 1 and Call Number 2, *supra,*

were in violation of the TCPA, specifically 47 C.F.R. § 64.1601(e)(1), as Defendants or Defendants'

third-party telemarketer failed to provide caller identification information displaying a telephone

number which would permit any individual to make a do-not-call request during regular business

hours.

66. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT IV
## VIOLATION OF THE TCPA - DO NOT CALL

67. Plaintiff incorporates the allegations of paragraphs 1 through 66, *supra.*

68. The telephone calls alleged and identified as Call Number 1and Call Number 2, *supra,*

were in violation of the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), as

Defendants or Defendants' third-party telemarketer initiated a telephone call to a telephone number

registered on the national do-not-call registry.

69. The aforesaid violations of the TCPA were wilful and/or knowing.

14

## COUNT V
## VIOLATION OF THE MHSSA

70.  Plaintiff incorporates the allegations of paragraphs 1 through 69, *supra.*

71.  The telephone calls alleged and identified as Call Number 1 and Call Number 2, *supra,* were in violation of the MHSSA, specifically M.C.L. § 445.111a(5), as Defendants or Defendants' third-party telemarketer made a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the federal do-not-call list; M.C.L. 445.111b(1), and/or Defendants or Defendants' telemarketer did not at the beginning of the telephone solicitation state his or her name and the full name of the organization on whose behalf the call was initiated and provide a telephone number of the organization on request.

### PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendants, jointly and severally, as follows:

A.       1.   As to Count I: Damages in the amount of $500.00 for each of the 2 TCPA violations alleged, for damages of $1,000.00, which amount shall be trebled because the violations were wilful or knowing; for total damages of $3,000.00.

2.   As to Count II: Damages in the amount of $500.00 for the 2 TCPA violations alleged, for damages of $1,000.00, which amount shall be trebled because the violation was wilful or knowing; for total damages of $3,000.00.

3.   As to Count III: Damages in the amount of $500.00 for each of the 2 TCPA violations alleged, for damages of $1,000.00, which amount shall be trebled because the violations were wilful or knowing; for total damages of $3,000.00.

4.   As to Count IV: Damages in the amount of $500.00 for the 2 TCPA violations

15

alleged, for damages of $1,000.00, which amount shall be trebled because the violation was wilful or knowing; for total damages of $3,000.00.

       5. As to Count V: Damages in the amount of $250.00 for each of the 2 MHSSA violations alleged, for damages of $500.00.

The cumulative total amount of damages claimed in this action is $12,500.00, and in the event of default judgment is the sum certain that will be sought.

       B. An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

       C. An injunction enjoining Defendants from initiating any telephone calls to Plaintiff's cellular telephone line.

       D. Interest accruing from the date of filing until paid at the statutory rate; and,

       E. Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

       Respectfully submitted,

Dated: December 1, 2020

       Mark W. Dobronski

       Mark W. Dobronski
       Post Office Box 85547
       Westland, Michigan 48185-0547
       Telephone: (734) 641-2300
       Email: markdobronski@yahoo.com
       Plaintiff *In Propria Persona*

16

## VERIFICATION

State of Michigan )
) ss;
County of Wayne )

MARK W. DOBRONSKI, being first duly sworn, says:

1. I am the Plaintiff in the foregoing matter, of the age of majority, and I have direct and personal knowledge of the facts in dispute.

2. I have read the Complaint in the foregoing matter, and I know the contents thereof. The matters stated in the Complaint are true in substance and in fact, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

3. If sworn as a witness, affiant can testify competently to the facts as set forth in the Complaint.

Further, affiant sayeth naught.


_____
Mark W. Dobronski

Subscribed and sworn to before me
this __1st__ day of December, 2020.


_____
Sandra J. Clarke
Notary Public
State of Michigan, Lenawee County
Acting in Wayne County
My Commission Expires November 23, 2023

17