# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,
an individual

        Plaintiff,

vs.

TOTAL INSURANCE BROKERS, LLC,
a Florida limited liability company, and
GAVIN DOMINIC SOUTHWELL,
an individual,

        Defendants.

Case No. 5:21-cv-10035-JEL

Hon. Judith E. Levy

Magistrate Curtis Ivy, Jr.

Mark W. Dobronski
*Pro se Plaintiff*
Post Office Box 85547
Westland, MI 48185-0547
(734) 641-2300
markdobronski@yahoo.com

Andrew J. Kolozsvary (P68885)
Theresa A. Munaco (P81562)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
400 Renaissance Center, 37th Floor
Detroit, MI  48243
(313) 568-6800; 855-256-1483 (FAX)
akolozsvary@dykema.com
tmunaco@dykema.com

## DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS FIRST AMENDED COMPLAINT

    Defendants Total Insurance Brokers, LLC ("TIB") and Gavin Dominic Southwell ("Southwell") (together, "Defendants") by their attorneys, move to strike Plaintiff's First Amended Complaint (the "FAC") because it is untimely and futile. Pursuant to Rules 12(b)(2) and 12(b)(6), Defendants also move to dismiss Plaintiff's

FAC against Southwell in its entirety for lack of personal jurisdiction and because it fails to state a claim upon which relief can be granted. Defendants further move to dismiss Plaintiff's "Bad Caller ID" claim (labeled as "Count II"), and all claims for treble damages for alleged "willful and knowing" violations of the Telephone Consumer Protection Act ("TCPA") against TIB. Defendants rely on the accompanying Brief in Support.

In accordance with E.D. Mich. LR 7.1(a), counsel for Defendants sought concurrence from Plaintiff, but such concurrence was not obtained.

WHEREFORE, Defendants respectfully request that the Court grant the Motion and strike the FAC as untimely and futile, and dismiss with prejudice all claims against Southwell, all claims for treble damages against TIB, and the "Bad Caller ID" claim against TIB.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/Theresa A. Munaco*
     Andrew J. Kolozsvary (P68885)
     Theresa A. Munaco (P81562)
     *Attorneys for Defendants*
     400 Renaissance Center, 37th Floor
     Detroit, MI 48243
     (313) 568-6800; 855-256-1483 (FAX)
     akolozsvary@dykema.com
Dated: March 15, 2021     tmunaco@dykema.com

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI,
an individual

        Plaintiff,

vs.

TOTAL INSURANCE BROKERS, LLC,
a Florida limited liability company, and
GAVIN DOMINIC SOUTHWELL,
an individual,

        Defendants.

Case No. 5:21-cv-10035-JEL

Hon. Judith E. Levy

Magistrate Curtis Ivy, Jr.

Mark W. Dobronski
*Pro se Plaintiff*
Post Office Box 85547
Westland, MI 48185-0547
(734) 641-2300
markdobronski@yahoo.com

Andrew J. Kolozsvary (P68885)
Theresa A. Munaco (P81562)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
400 Renaissance Center, 37th Floor
Detroit, MI  48243
(313) 568-6800; 855-256-1483 (FAX)
akolozsvary@dykema.com
tmunaco@dykema.com

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS FIRST AMENDED COMPLAINT

## STATEMENT OF ISSUES PRESENTED

1.     Should the Court strike Plaintiff's First Amended Complaint because it was filed more than 21 days after Defendants' service of their 12(b)(2) and 12(b)(6) motion to dismiss filed in response to Plaintiff's original Complaint, and the Court has not granted Plaintiff leave to amend its pleadings?

2.     Whether this Court should deny Plaintiff leave to file his Amended Complaint because the Amended Complaint does not establish personal jurisdiction over Defendant Gavin Southwell, does not state a claim against Southwell upon which relief can be granted, does not show there is a private cause of action for violation of 47 C.F.R. § 64.1601(e)(1), and does not establish a claim for willfulness against either Defendant, and is therefore futile?

3.     Should the Court dismiss Plaintiff's claims against Defendant Gavin Southwell because (1) it lacks both general and specific personal jurisdiction over him, and (2) Plaintiff has not pled sufficient facts showing a plausible claim against him upon which relief can be granted?

4.     Should the Court dismiss "Count II - Violation of the TCPA - Bad Caller ID" against both Defendants because there is no private cause of action for violation of 47 CFR § 64.1601(e)(1)?

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

5.      Should the Court dismiss all claims for treble damages against both

Defendants because Plaintiff has not pled facts sufficient to show a plausible claim

that the alleged violations of the TCPA were "willful and/or knowing"?

Defendants Answer: Yes
Plaintiff would Answer: No
The Court should Answer: Yes

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 12(b)(2)
Fed. R. Civ. P. 12(b)(6)
Fed. R. Civ. P. 15(a)

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES PRESENTED..................................................................i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. iii

TABLE OF AUTHORITIES .................................................................................v

I.      INTRODUCTION ..................................................................................1

II.     BACKGROUND ...................................................................................3

        A.    The TCPA.....................................................................................3

        B.    Plaintiff's First Amended Complaint .....................................4

III.    LEGAL STANDARD ............................................................................5

IV.     THE COURT SHOULD STRIKE PLAINTIFF'S AMENDED
        COMPLAINT AS UNTIMELY...............................................................7

V.      THE COURT SHOULD DENY LEAVE TO AMEND ON FUTILITY
        GROUNDS. ............................................................................................8

VI.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION
        OVER SOUTHWELL. ...........................................................................8

        A.    Southwell is not subject to general jurisdiction. .................10

        B.    Southwell is not subject to specific jurisdiction.................10

VII.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
        SOUTHWELL.........................................................................................14

VIII.   THERE IS NO PRIVATE CAUSE OF ACTION FOR VIOLATION
        OF 47 C.F.R. § 64.1601(e)(1). .........................................................18

IX.     PLAINTIFF'S CLAIMS FOR TREBLE DAMAGES SHOULD BE
        DISMISSED BECAUSE HE DOES NOT SUFFICIENTLY ALLEGE
        A CLAIM FOR WILLFULNESS. ..........................................................20

X.      CONCLUSION.......................................................................................23

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Arwa Chiropractic, P.C. v. Med.-Care Diabetic & Med. Supplies, Inc.*,
 961 F.3d 942 (7th Cir. 2020) ...............................................................15

*Ashcroft v. Iqbal*,
 556 U.S. 662; 129 S.Ct. 1937 (2009) ...........................................passim

*Balance Dynamics Corp. v. Schmitt Indus., Inc.*,
 204 F.3d 683 (6th Cir. 2000) ...............................................................11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544; 127 S.Ct. 1955 (2007) ........................................6, 17, 23

*Bird v. Parsons*,
 289 F.3d 865 (6th Cir. 2002) ............................................................9, 11

*Burdge v. Ass'n Health Care Mgmt., Inc.*,
 2011 U.S. Dist. LEXIS 9879 (S.D. Ohio Feb. 2, 2011) ....................19

*City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*,
 885 F.3d 154 (3d Cir. 2018) ................................................................14

*Conn v. Zakharov*,
 667 F.3d 705 (6th Cir. 2012) .................................................................6

*Cunningham v. Local Lighthouse Corp.*,
 2017 U.S. Dist. LEXIS 148395 (M.D. Tenn., Sept. 13, 2017)...........14

*Cunningham v. Local Lighthouse Corp.*,
 2017 U.S. Dist. LEXIS 148396 (M.D. Tenn. Aug. 7, 2017)..............13

*Cunningham v. Rapid Response Monitoring Servs.*,
 251 F. Supp. 3d 1187 (M.D. Tenn. 2017) ....................................13, 16

*Dobronski v. Selectquote Ins. Servs.*,
 462 F. Supp. 3d 784 (E.D. Mich. 2020) ......................................18, 20

*Duchene v. OnStar, LLC*,
 2016 U.S. Dist. LEXIS 97129 (E.D. Mich. July 26, 2016)..........21, 22

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

v

*Foman v. Davis*,
   371 U.S. 178 (1962)...........................................................................................7

*Hamza v. Dunhams Athleisure Corp.*,
   2017 U.S. Dist. LEXIS 41074 (E.D. Mich. Mar. 22, 2017).........................21, 22

*Harris v. World Fin. Network Nat'l Bank*,
   867 F. Supp. 2d 888 (E.D. Mich. 2012).....................................................21, 22

*Inc. v. Imago Eyewear Pty., Ltd.*,
   167 Fed. Appx. 518 (6th Cir. 2006)..................................................................12

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)..............................................9

*Joyner v. MERS*,
   451 F.App'x 505 (6th Cir. 2011).......................................................................11

*KHS Corp. v. Singer Fin. Corp.*,
   376 F. Supp. 3d 524 (E.D. Pa. 2019)...............................................................15

*LAK, Inc. v. Deer Creek Enterprises*,
   885 F.2d 1293 (6th Cir. 1989)..........................................................................12

*Lucas v. Gotra*,
   2019 U.S. Dist. LEXIS 124238 (S.D. Ohio July 25, 2019)...............................16

*Meyer v. Capital All. Grp.*,
   2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017)....................18, 19, 20

*Neogen Corp. v. Neo Gen Screening, Inc.*,
   282 F.3d 883 (6th Cir. 2002)............................................................................10

*Perkins v. American Elec. Power Fuel Supply, Inc.*,
   246 F.3d 593 (6th Cir. 2001).............................................................................7

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*,
   601 F.3d 505 (6th Cir. 2010).............................................................................7

*Rose v. Hartford Underwriters Ins. Co.*,
   203 F.3d 417 (6th Cir. 2000).............................................................................8

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

*Roylance v. ALG Real Estate Servs.*,
   2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16, 2015) ..........................16, 17

*S. Mach. Co. v. Mohasco Indus., Inc.*,
   401 F.2d 374 (6th Cir. 1968) ................................................................................9

*Texas v. Am. Blastfax*,
   164 F. Supp. 2d 892 (W.D. Tex. 2001) ..............................................................14

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) ...................................................................5, 6, 11

*Thielen v. GMAC Mortg. Corp.*,
   671 F. Supp. 2d 947 (E.D. Mich. 2009) ...............................................................6

*Visser v. Caribbean Cruise Line, Inc.*,
   2020 U.S. Dist. LEXIS 12667 (W.D. Mich. Jan. 27, 2020) .................13, 16, 17

*Weller v. Cromwell Oil Co.*,
   504 F.2d 927 (6th Cir. 1974) .............................................................................11

*Worsham v. Travel Options, Inc.*,
   2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016)........................18, 19, 20

## REGULATIONS

47 C.F.R. § 64.1200(a)(1)(iii) ....................................................................................20

47 C.F.R. § 64.1200(c)(2) ..........................................................................................20

47 C.F.R. § 64.1601 ...................................................................................................18

47 C.F.R. § 64.1601(e) .........................................................................................18, 19

47 C.F.R. § 64.1601(e)(1) ..................................................................................*passim*

## RULES

Fed. R. Civ. P. 8 ........................................................................................................16

Fed. R. Civ. P. 12(b) ...................................................................................................7

Fed. R. Civ. P. 12(b)(2) ........................................................................................ iii, 5

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Fed. R. Civ. P. 12(b)(6)........................................................................*passim*

Fed. R. Civ. P. 12(b), (e) .......................................................................8

Fed. R. Civ. P. 15 ...................................................................................2

Fed. R. Civ. P. 15(a)................................................................ iii, 1, 7, 8

Fed. R. Civ. P. 15(a)(1)(B) .................................................................1, 7

Fed. R. Civ. P. 15(a)(2) ..........................................................................7

**STATUTES**

47 U.S.C. § 227(b)(3)........................................................................20, 21

47 U.S.C. § 227(b)(3)(A)-(C) ................................................................4

M.C.L. 600.701 ......................................................................................10

M.C.L. 600.705 ..................................................................................4, 11

M.C.L. 600.705(2) ................................................................................10

Telephone Consumer Protection Act, 227 U.S.C. § 227 ................................*passim*

# BRIEF IN SUPPORT

## I.   INTRODUCTION

The Court should strike Plaintiff's First Amended Complaint ("FAC") (ECF No. 11) because it was not timely filed under Fed. R. Civ. P. 15(a), and deny leave to amend because the FAC is futile. In any event, the FAC should be dismissed entirely as to Defendant Southwell, Count II should be dismissed as to both Defendants, and all claims for treble damages should also be dismissed.

Plaintiff's original Complaint alleged he received two telephone calls to his cellular telephone number (734) XXX-9671 in violation of the Telephone Consumer Protection Act ("TCPA"), 227 U.S.C. § 227. On January 22, 2021, Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) because the Complaint failed to establish personal jurisdiction over, and failed to state a claim against, Defendant Gavin Southwell; brought an improper claim for violation of 47 C.F.R. § 64.1601(e)(1) where there is no private cause of action; and failed to sufficiently allege a claim for willfulness. (ECF No. 5.). Defendant TIB also filed an Answer to the Complaint on January 22, 2021.[1] Under Fed. R. Civ. P. 15(a)(1)(B), Plaintiff had 21 days after service of Defendants' Motion to Dismiss and TIB's Answer, or until

---

[1] Defendant TIB filed an Amended Answer to the original Complaint on February 9, 2021.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

February 12, 2021, to amend his Complaint as of right.[2] Plaintiff did not do so. Instead, on March 1, 2021, over two weeks after the deadline, Plaintiff filed the FAC without leave of Court. (ECF No. 11). Plaintiff separately filed a response to Defendants' Motion a day later, on March 2, 2021. (ECF No. 14).

Plaintiff does not substantively change his claims in the FAC. He did not add additional claims or clarifying facts. He only adds further redundant and conclusory statements that do not remedy the deficiencies identified in Defendants' Motion.

He still brings the same four counts against Defendants. Count I (labeled "Robocall") alleges Defendants used an automatic telephone dialing system to place calls to his number without consent in  violation of the TCPA. Count II (labeled "Bad Caller ID") alleges Defendants failed to provide caller identification information in purported violation of TCPA implementing regulations. Count III (labeled "Do Not Call") alleges a violation of the TCPA because the calls were made to a number allegedly on the national do-not-call registry. Count IV alleges a violation of the Michigan Home Solicitation Sales Act ("MHSSA"). Plaintiff seeks damages of $500 for each TCPA violation for the two calls, and seeks treble damages

---

[2] Although the Court entered an Order requiring a brief in response to the Motion by March 2, 2021, the Order did not extend the deadline under Fed. R. Civ. P. 15 for filing an amended pleading as a matter of course, and TIB's Answer separately triggered the February 12, 2021 deadline for amending.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

for the TCPA violations because he asserts the violations were "willful and/or knowing."

Plaintiff's claims are still deficient on multiple fronts. He fails to establish personal jurisdiction over Southwell, the CEO of TIB and a Florida resident, and further fails to allege facts sufficient to state a plausible claim that Southwell is individually liable for the conduct alleged in the FAC. All claims against Southwell should be dismissed with prejudice.

Further, there is no private cause of action for the caller identification regulation on which Plaintiff's "Bad Caller ID" is based, and this claim still should be dismissed with prejudice as against both Defendants. Lastly, Plaintiff still fails to state a plausible claim for willful or knowing violations of the TCPA, and his demand for treble damages should be dismissed with prejudice as against both Defendants.

## II.   **BACKGROUND**

### A.   **The TCPA**

Congress enacted the TCPA to protect the public collectively. "In enacting the TCPA, Congress made clear that 'individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices.'" *In the Matter of Rules and Regulations Implementing the Telephone*

— DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243 —

*Consumer Protection Act of 1991*, 30 FCC Rcd 7961, 7964 (2015) (quoting Pub. L. No. 102-243, § 2(9) (1991)).  The TCPA proscribes certain, specific actions, in order to balance privacy rights and public safety interests with commercial freedoms of speech and trade, by creating a private right of action for certain specified violations. *See* 47 U.S.C. § 227(b)(3)(A)-(C).

### B.    Plaintiff's First Amended Complaint

Plaintiff alleges that he received two unwanted calls to his cellular phone number at (734) XXX-9671 and that Defendants are responsible for the calls. FAC, ¶¶ 27, 59, 66. He alleges that "at no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendants" and that "at no time has Plaintiff provided permission to the Defendants to engage in telephone solicitation with the Plaintiff via telephone." *Id.* at ¶¶ 30-31. Plaintiff alleges that he engaged with the first caller and that he supplied the caller with "controlled identifying information, including a bogus name of 'Otis Daniels', an investigative technique termed a 'canary trap.'" *Id.* at ¶ 63. Per the Complaint, the second caller sought to connect with "Otis Daniels." *Id.* at ¶ 68.

Plaintiff alleges that Southwell is the CEO of TIB and that Southwell resides in Tampa, Florida. *Id.* at ¶ 4. He asserts this Court has jurisdiction over Southwell pursuant to M.C.L. § 600.705 "as a result of the defendant doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." *Id.*

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

4

at ¶ 7. As in the original Complaint, he alleges "upon information and belief," that Southwell "personally directed, participated in, and authorized the automated telemarketing contact," and that he "has personal control of the telephone solicitation activity of Defendant TIB, and in particular, he had the ability to cease the telephone solicitation activity." *Id.* at ¶¶ 4, 38-39. The only new allegations in the FAC are that Southwell "knew or reasonably should have known that the tortious conduct under his control could injury Plaintiff"; that he "was fully knowledgeable of the illegal telemarketing activities being taken by Defendant TIB and/or its agents"; that he "knew that the third-party telemarketers utilized by Defendant TIB were engaging in telephone solicitations in violation of the TCPA"; and that "Defendants TIB And Southwell were aware of, ratified, and benefitted from the tortious conduct." *Id.* at ¶¶ 40-43

Plaintiff alleges the TCPA violations were "wilful and/or knowing" and seeks treble damages for each of the TCPA violations on this basis. *Id.* at ¶¶ 73, 76, 79.

## III.   <u>LEGAL STANDARD</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the sufficiency of the jurisdictional facts regarding the existence of personal jurisdiction over a defendant.  The plaintiff bears the burden of establishing that a court can exercise jurisdiction over a defendant. *See Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991).  A plaintiff must plead "specific facts" supporting personal jurisdiction;

vague generalizations will not suffice. *Conn v. Zakharov,* 667 F.3d 705, 711 (6th Cir. 2012); *see also Chencinski v. Murga,* 2013 LEXIS 103656, at *4 (E.D. Mich. July 23, 2013) (noting that *Twombly* and *Iqbal* "standard also applies to findings of personal jurisdiction"). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F.2d at 1458.

A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint, which "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937 (2009).  "[A] plaintiff's obligation to provide the grounds of…entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Thielen v. GMAC Mortg. Corp*., 671 F. Supp. 2d 947, 950 (E.D. Mich. 2009) (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, *supra* 679 (quoting *Twombly*, *supra* at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 678.

Fed. R. Civ. P. 15(a)(1)(B) permits a party to amend its pleadings once as of right within 21 days of the service of a responsive motion under Fed. R. Civ. P. 12(b). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Though Rule 15(a) provides that "[t]he court should freely give leave when justice so requires," the Court cannot simply rubber stamp a motion to amend (if one were filed) without inquiring whether the amendment is in fact appropriate. Instead, whether to grant a motion to amend is within the sound discretion of the Court. *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 604 (6th Cir. 2001). For example, courts may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## IV. THE COURT SHOULD STRIKE PLAINTIFF'S AMENDED COMPLAINT AS UNTIMELY.

7

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Plaintiff filed the FAC in violation of the Federal Rules of Civil Procedure. Rule 15(a) allows a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants filed their Motion to Dismiss the original Complaint, and Defendant TIB filed its Answer to the Complaint, on January 22, 2021. The deadline for Plaintiff to amend his Complaint as of right expired 21 days later on February 12, 2021. The FAC, filed March 1, 2021, is therefore untimely and should be stricken.

## V.   THE COURT SHOULD DENY LEAVE TO AMEND ON FUTILITY GROUNDS.

Even if Plaintiff were to move for leave to amend, the Court should deny leave because the FAC is futile for several reasons, all discussed further below, including that it still does not demonstrate that the Court has personal jurisdiction over Southwell or that sufficiently state claims against Southwell upon which relief can be granted. The Court need not permit amendments that assert claims that could not withstand a motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## VI.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SOUTHWELL.

The FAC does not show that this Court has personal jurisdiction over

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

8

Southwell, and dismissal should be granted for that reason alone. In federal-question cases like this one, personal jurisdiction exists if the defendant would be subject to personal jurisdiction under the forum state's long-arm statue and if the exercise of personal jurisdiction would not deny the defendant due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Due process concerns are governed by the standard articulated in *International Shoe* and its progeny: ensuring that a defendant has "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The Sixth Circuit has distilled the due process requirements into the following criteria:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable

*S. Mach. Co. v. Mohasco Indus., Inc*., 401 F.2d 374, 381 (6th Cir. 1968).

There are two alternative grounds upon which a court may exercise personal jurisdiction over a defendant: general jurisdiction and specific, or limited, jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-18 (1945). "General jurisdiction . . . enables a court in Michigan to exercise jurisdiction over a [defendant] regardless of whether the claim at issue is related to [the defendant's]

activities in the state or has an in-state effect," whereas "[l]imited jurisdiction extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). Here, neither are satisfied.

### A.   Southwell is not subject to general jurisdiction.

Plaintiff does not allege general jurisdiction over Southwell, nor could he. General jurisdiction over a defendant is appropriate only where one or more of the following applies to the defendant: 1) presence in the state at the time when process is served; 2) domicile in the state at the time when process is served; or 3) consent. M.C.L. 600.701. The FAC does not allege any of these circumstances. By Plaintiff's own admission, Southwell is domiciled in Florida, not Michigan. Complaint, ¶ 4. There is no basis for general jurisdiction in Michigan.

### B.   Southwell is not subject to specific jurisdiction.

Nor is Southwell subject to specific, or limited, jurisdiction. Southwell alleges only one purported basis for limited personal jurisdiction under Michigan's long-arm statute, M.C.L. 600.705(2), which provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships…

10

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

> (2) The doing or causing an act to be done, or
> consequences to occur, in the state resulting in an action
> for tort.

M.C.L. 600.705. The assertion of limited jurisdiction must also comport with due process. *Bird, supra.* Plaintiff has not pled facts to show any of these relationships with Michigan, and thus the pleading "collectively fail[s] to state a prima facie case for jurisdiction." *Theunissen*, 935 F.2d at 1459.

"It is settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co*., 504 F.2d 927, 929 (6th Cir. 1974). Plaintiff cannot rely solely upon the Court's jurisdiction over TIB to demonstrate jurisdiction over Southwell, individually, as the CEO of TIB. Instead, Plaintiff would have to demonstrate that Southwell was "actively and personally involved in the conduct giving rise to the claim[.]" *Balance Dynamics Corp. v. Schmitt Indus., Inc*., 204 F.3d 683, 698 (6th Cir. 2000); *see also Joyner v. MERS*, 451 F.App'x 505, 506 (6th Cir. 2011) ("Jurisdiction over an officer of a corporation may not be based on jurisdiction over the corporation; the officer must have purposefully availed himself of the forum.").

Plaintiff fails to plead facts showing that Southwell purposefully availed himself of Michigan as a forum. Plaintiff lumps the two "Defendants" together when alleging generically the legal conclusion that "Defendants have subjected themselves to Michigan's specific personal jurisdiction in TCPA cases by directing

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

calls to telephone numbers with Michigan area codes that were received by Michigan residents while those residents were present in Michigan." FAC, ¶ 32. But Plaintiff's FAC does not contain any non-conclusory factual allegations supporting this conclusion. Instead, it alleges only that Southwell, "upon information and belief," "directed, participated in, and authorized" telemarketing, "knew or reasonably should have known about" it, or had "personal control" over it. *Id.* ¶¶ 38-43.

These conclusory allegations do not establish that Southwell was "actively and personally involved" in the alleged TCPA and MHSSA violations, and the assertion of personal jurisdiction over Southwell on these allegations does not comport with due process. Moreover, Plaintiff provides no factual allegations showing exercising jurisdiction over him is reasonable. Plaintiff must establish each of the elements of due process, and has failed to do so here. *See LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir. 1989) ("each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked"); *See also Inc. v. Imago Eyewear Pty., Ltd.*, 167 Fed. Appx. 518 (6th Cir. 2006) ("As we find that the first prong is not satisfied, analysis of the second and third prongs is unnecessary.").

*Visser v. Caribbean Cruise Line, Inc.* is on point. In *Visser*, the court found there was not personal jurisdiction over a corporate officer in a TCPA suit similar to Plaintiff's. *Visser v. Caribbean Cruise Line, Inc.*, 2020 U.S. Dist. LEXIS 12667, at

*18-19 (W.D. Mich. Jan. 27, 2020). The plaintiff made only conclusory statements that the individual defendant caused the calls and thus had personal responsibility for them. *Id.* at *14. These allegations were insufficient to establish with "reasonable particularity" any contacts between the individual defendant and the state of Michigan, "let alone contacts that satisfy Michigan's long-arm statute and due process." *Id.* The same is true here. Plaintiff has pled no facts supporting his allegation that Southwell is responsible for the calls.

Other courts have similarly found there was no personal jurisdiction over corporate officers in TCPA cases. *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1209 (M.D. Tenn. 2017), 2017 U.S. Dist. LEXIS 63219, adopted at *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1202 (M.D. Tenn. 2017), 2017 U.S. Dist. LEXIS 63223 (finding no personal jurisdiction over corporate officers where factual allegations relied on for asserting jurisdiction were "conclusory, self-serving, and woefully insufficient to support a finding of specific personal jurisdiction"); *Cunningham v. Local Lighthouse Corp.*, 2017 U.S. Dist. LEXIS 148396, at *11 (M.D. Tenn. Aug. 7, 2017), adopted at *Cunningham v. Local Lighthouse Corp.*, 2017 U.S. Dist. LEXIS 148395 (M.D. Tenn., Sept. 13, 2017) (dismissing claims against individual defendants where plaintiff failed to make allegations with the "reasonable particularity" required to support a prima facie showing of personal jurisdiction).

13

Plaintiff has not alleged facts with reasonable particularity that show personal jurisdiction over Southwell. Accordingly, all claims against him should be dismissed with prejudice.

## VII.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST SOUTHWELL.

All claims against Southwell should be dismissed for the separate and independent reason that Plaintiff fails to sufficiently plead any viable claims for individual liability against him. Some courts have held that individual liability under the TCPA may be available in certain factual situations where an individual acting on behalf of a corporation "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Texas v. Am. Blastfax*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). But courts have recently questioned the availability of common-law personal-participation liability against corporate officers under the TCPA. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 160 (3d Cir. 2018) (expressing doubt that Congressional silence indicates an intent to impose common-law personal-participation liability for TCPA violations because Congress has demonstrated in other statutes that it knows how to impose this liability when it chooses to do so); *KHS Corp. v. Singer Fin. Corp.*, 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019)(finding corporate officer not liable under the TCPA under common law personal liability principles).

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Plaintiff has simply pled, in conclusory fashion, and "upon information and belief," that Southwell "personally directed, participated in, and authorized the automated telemarketing contact" or that he "had personal control of the telephone solicitation activity of Defendant TIB." FAC, ¶¶ 38-39. Such bare bones assertions are nothing more than a conclusory, formulaic recitation of legal elements. Plaintiff does not allege any well-pled facts supporting these legal conclusions. The facts in the FAC "do not permit the court to infer more than the mere possibility of misconduct," and thus it has not shown that Plaintiff is entitled to relief. *Iqbal*, *supra* at 678. The FAC is woefully insufficient to state a claim of individual liability for a corporate officer. And, Plaintiff's additions to the FAC regarding Southwell's alleged "knowledge" of the alleged violations (FAC ¶¶ 40-43) are not a basis to find a corporate officer personally liable. *Arwa Chiropractic, P.C. v. Med.-Care Diabetic & Med. Supplies, Inc*., 961 F.3d 942, 947 (7th Cir. 2020)(affirming summary judgement in CEO's favor where plaintiff claimed CEO "knew" or "was aware" of procedures was not enough to establish liability).

Courts confronting this issue have consistently held that more is required at the pleading stage to support a claim against corporate officers than conclusory allegations like those in the FAC. *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187 (M.D. Tenn. 2017); *Lucas v. Gotra*, 2019 U.S. Dist. LEXIS 124238 (S.D. Ohio July 25, 2019); *Visser v. Caribbean Cruise Line, Inc*.,

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

2020 U.S. Dist. LEXIS 12667 (W.D. Mich. Jan. 27, 2020); *Roylance v. ALG Real Estate Servs*., 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16, 2015).

In *Cunningham v. Rapid Response*, the Court dismissed TCPA claims against the defendant company's CEO. The allegations did not detail any individual actions that would support his personal liability beyond the generic assumption that, as CEO, he was ultimately responsible for the company's involvement in any actionable calls. *Id.* at 1202. "Such conclusory assertions are insufficient to state a claim for individual liability" *Id.*

The court did the same in *Lucas*. There, the court found the plaintiff failed to plead sufficient factual allegations against individual officers of the defendant company. *Lucas v. Gotra*, 2019 U.S. Dist. LEXIS 124238, at *20-21 (S.D. Ohio July 25, 2019). Plaintiff only alleged the defendants were "officers" of the company and asserted in a conclusory fashion, using the conjunction "or," that they "personally formulated, [or] directed, [or] controlled, [or] had the authority to control, or participated in the acts and practices" of the company. Even considering the liberal pleading standards of Rule 8, the minimal and conclusory allegations concerning just two calls were insufficient to demonstrate liability. *Id.*

*Visser*, *supra*, is again on point. The plaintiff there brought TCPA and MHSAA claims against the president of the entity and simply alleged he "caused these calls to be made." *Id.* at * 47. The court held these allegations were insufficient

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

under *Twombly* and *Iqbal* because the complaint included no factual basis for concluding that the individual defendant caused the calls to be made. *Id.* at *48. The allegation that the defendant entity, or an agent of the entity, had made the unsolicited telephone calls did not require the inference that the individual defendant had caused or directed the calls to be made. The court found there was no claim stated against the individual defendant. *Id.* at 49.

Similarly, in *Roylance v. ALG Real Estate Servs.*, 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16, 2015), the plaintiff did not state a claim against an individual TCPA defendant because the plaintiff did not establish that she had "direct, personal participation" in the unlawful conduct. *Id.* at *19. There were no facts alleged that established she directed the "day-to-day" operations of the entity or any entity that conducted telemarketing on its behalf. *Id.* at *20. And, there was nothing showing that she was a "central figure" or "guiding force." At most, the complaint showed she was "tangentially involved in the unlawful conduct." *Id.* at *21.

So too here. Plaintiff has failed to provide the Court with factual content supporting the plausibility of the claim that Southwell is personally liable for the alleged violations of the TCPA and MHSSA. All claims against Southwell should be dismissed with prejudice.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

## VIII. THERE IS NO PRIVATE CAUSE OF ACTION FOR VIOLATION OF 47 C.F.R. § 64.1601(e)(1).

Count II – Violation of the TCPA – Bad Caller ID should be dismissed with prejudice as to both Defendants because there is no private cause of action for violation of the caller identification regulation set forth in 47 C.F.R. § 64.1601(e). This court has recently declined to find Plaintiff had a private cause of action for a similar claim in *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789 (E.D. Mich. 2020). There, Plaintiff alleged the defendant violated 47 C.F.R. § 64.1601(e) for "spoofed" caller identification numbers. The court followed *Worsham* and *Meyer* in finding there was no basis for a private cause of action under this section, and thus found any possible amendment to the claim to be futile. *Id.* at 790, citing *Worsham v. Travel Options, Inc.*, 2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016) and *Meyer v. Capital All. Grp.*, 2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017).

In *Worsham,* the plaintiff claimed a violation of 47 C.F.R. 64.1601. The court examined the regulation and found it was not clearly promulgated under either subsection (b) or (c) of the TCPA because the caller ID function "does not fit neatly into the focus of either subsection, neither of which requires the use of such technology to accomplish their respective purposes." *Id.* at *11. Thus, a violation § 64.1601(e) did not fall within the private right of action granted by subsection (b) or (c).

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Indeed, the court recognized that when the FCC promulgated the regulation, it said that "[c]aller ID requirements will improve the ability of consumers to identify and enforce do-not-call rights against telemarketers," which appeared to "*support* consumers' enforcement efforts under the TCPA's subsection c, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Id.* at *12, emphasis in original. The court determined the regulation was a violation of technical and procedural standards under subsection (d), so no private right of action exists and thus the count failed to state a claim for relief. Similarly, in *Meyer*, the court dismissed the plaintiff's claim for violation of 47 C.F.R. § 64.1601(e) with prejudice because it did not create a private right of action. *See also Burdge v. Ass'n Health Care Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 9879 at *4 (S.D. Ohio Feb. 2, 2011) ("The Court finds that the regulations regarding identification and the provision of a telephone number or address found in 64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA.").

Here, Plaintiff alleges violation of § 64.1601(e)(1) because "Defendants or Defendants' third-party telemarketer failed to provide caller identification information displaying a telephone number which would permit any individual to make a do-no-call request during regular business hours." FAC, ¶ 75. This Court should follow the reasoning in *Worsham* and *Meyer* and its prior decision in

*Dobronski v. Selectquote* and find Plaintiff has no private cause of action for this count, and dismiss it as to all Defendants.

## IX. PLAINTIFF'S CLAIMS FOR TREBLE DAMAGES SHOULD BE DISMISSED BECAUSE HE DOES NOT SUFFICIENTLY ALLEGE A CLAIM FOR WILLFULNESS.

The willfulness claims leading to treble damages (Count I, Count II, and Count III) should be dismissed under Rule 12(b)(6) because Plaintiff has pled no facts demonstrating that he notified Defendants that he did not consent to the alleged calls or that Defendants were otherwise made aware that the calls should not have been made.

Count I of the FAC purports to assert a claim for willfulness under Section 227(b)(1)(A)(iii) and/or 47 C.F.R. § 64.1200(a)(1)(iii). FAC, ¶ 73. Count II purports to assert a claim for willfulness under 47 C.F.R. § 64.1601(e)(1). *Id.* at ¶ 76. Count III purports to assert a claim for willfulness under Section 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). *Id.* at ¶ 79. Section 227(b)(3) provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). To support a claim that a violation is knowing or willful, a plaintiff must allege facts sufficient to establish that the defendant "was made aware of/notified that Plaintiff did not consent to calls

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

from Defendant." *Duchene v. OnStar, LLC*,  2016 U.S. Dist. LEXIS 97129, at *19 (E.D. Mich. July 26, 2016). *See also Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 892 (E.D. Mich. 2012)(holding defendants' conduct could not be deemed willful or knowing when plaintiff had not yet informed them they were calling the wrong number); *Hamza v. Dunhams Athleisure Corp*., 2017 U.S. Dist. LEXIS 41074, at *14 (E.D. Mich. Mar. 22, 2017) (following *Duchene* and *Harris*).

Plaintiff has not done so. Plaintiff must do more than plead, in conclusory fashion, that "the aforesaid violations of the TCPA were wilful and/or knowing." FAC, ¶¶ 73, 76, 79. Such barebones assertions are nothing more than a formulaic recitation of legal elements and conclusions, and are insufficient to state a claim for trebled statutory damages under Section 227(b)(3) of the TCPA. To avoid dismissal, Plaintiff must provide the Court with factual content supporting the plausibility of the claim that the alleged violations of the TCPA were knowing or willful.  Courts confronting this issue have consistently held that more is required at the pleading stage to support a claim for willfulness than conclusory allegations of the sort in Plaintiff's FAC.

In *Duchene v. OnStar, LLC*, the court dismissed a willfulness claim under Rule 12(b)(6), holding that "a willful or knowing violation of [the] TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant." *Duchene v. OnStar, LLC*, No 15-13337,

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

2016 U.S. Dist LEXIS 97129, *19 (E.D. Mich. July 26, 2016); *see also Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012) ("Plaintiff must also show that Defendant knew that Plaintiff did not consent to the phone calls"). Because "Plaintiff did not plead that he notified Defendant that he did not consent to the calls (or that defendant was otherwise aware that Plaintiff did not consent to the calls)," the court dismissed the willfulness claim. *Duchene*, *supra* at *19. *See also Hamza v. Dunham's Athleisure Corp*., No. 16-11641, 2017 U.S. Dist. LEXIS 41074, at *14 (E.D. Mich. Mar. 22, 2017) ("As Plaintiff, like the plaintiff in *Duchene*, has not alleged that he notified Defendant that he did not consent to the text messages sent by Defendant, the Court grants Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Class Action Complaint," which asserted a willfulness claim under the TCPA).

Plaintiff's willfulness claims suffer from the same defects that existed in *Duchene* and *Hamza*: Plaintiff has pled willfulness in an entirely conclusory fashion. He does not plead that he notified Defendants that he did not consent to the calls, or that he requested that the calls cease, or that Defendants nonetheless called him after being so notified.

Rather, Plaintiff pleads the opposite. Plaintiff admits that he engaged with the caller and that he supplied the caller "with controlled identifying information, including a bogus name of 'Otis Daniels', an investigative technique termed a

'canary trap.'" FAC, ¶ 63. Per the FAC, the next alleged caller asked to speak with "Otis Daniels," in response to the information Plaintiff voluntarily and purposefully provided. *Id.* at ¶ 68.

Plaintiff has pled no facts tending to show that Defendants continued to call him after receiving notice of non-consent or a request to stop calls. Plaintiff's conclusory allegations do not state a plausible claim for a knowing or willful violation of the TCPA under *Twombly* and *Iqbal.* For this reason, Defendants' Motion to Dismiss under Rule 12(b)(6) should be granted, and Plaintiff's claims for "willful or knowing" violations of the TCPA (and his demands for treble damages) should be dismissed with prejudice.

## X.    <u>CONCLUSION.</u>

Defendants respectfully request that the Court grant their Motion to Strike and/or Dismiss and enter an order (1) striking the First Amended Complaint, (2) dismissing all claims against Southwell with prejudice, (3) dismissing Count II against both Defendants with prejudice, and (4) dismissing Plaintiff's claims for treble damages for willful and knowing violations of the TCPA with prejudice.

23

*Respectfully submitted,*

DYKEMA GOSSETT PLLC

By: */s/Theresa A. Munaco*
      Andrew J. Kolozsvary (P68885)
      Theresa A. Munaco (P81562)
      *Attorneys for Defendants*
      400 Renaissance Center, 37th Floor
      Detroit, MI 48243
      (313) 568-6800; 855-256-1483 (FAX)
      akolozsvary@dykema.com
Dated:  March 15, 2021     tmunaco@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

Theresa A. Munaco deposes and states that on March 15, 2021, my assistant electronically filed the foregoing with the Clerk of the Court using the electronic filing system, and mailed by First Class U.S. Mail, with postage fully prepaid, the same to Plaintiff at:

    Mark W. Dobronski
    Post Office Box 85547
    Westland, MI 48185-0547

The same was emailed to Plaintiff at markdobronski@yahoo.com.

          DYKEMA GOSSETT PLLC

          By: <u>*/s/Theresa A. Munaco*</u>
             Theresa A. Munaco (P81562)
             *Attorneys for Defendants*
             tmunaco@dykema.com

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

4838-2163-8368.5